Wood vs. Hunt.

JOHN W. WOOD, ex-Sheriff, plaintiff in error, vs. WILLIAM H. HUNT, defendant in error.

Persons aggrieved by the official misconduct of the Sheriff, must elect to bring their action or procede by rule.    They are not entitled to both remedies at the same time.

Rule against Sheriff, in Carroll Superior Court. Decision by Judge HAMMOND, at April Term, 1857.

This was a rule by William H. Hunt, editor of the Marietta Advocate, against John W. Wood, former Sheriff of Carroll county, to show cause why he should not pay over to said Hunt, the sum of $103 40, for advertising Sheriff sales in said newspaper, and which amount it was alleged Wood had collected, &c.

Annexed was an account of the various cases advertised, and the amount charged in each case.

The respondent, Wood, answered the rule, and showed for cause:

1st. That he had been sued by Hunt on the same account, and that suit was then pending.

2d. That he had collected part of the money in said account, and part he had not. That he had paid part, but how much did not appear.

Upon this showing, the Court made the rule absolute, and ordered Wood to pay the money.

To which order counsel for Wood excepted.

A. S. BURKE, for plaintiff in error.

MERRELL, by IRWIN, for defendant in error.

*By the Court*—LUMPKIN, J. delivering the opinion.

The 52d section of the Act of 1799, *Cobb* 577, amongst other things, provides that "whenever the Sheriff of any county within this State shall fail to make proper returns of all writs, executions, and other process, put into his hands, or shall fail or neglect to pay up all moneys received on such executions, on his being required by the Court so to do, shall

Wood vs. Hunt.

be liable to an action as for contempt, and may be fined, imprisoned, or removed from office, in the manner prescribed by the Constitution."

We admit that the provision of the statute was intended primarily, if not altogether for the plaintiff in *fi. fa.*, still its language is broad enough to include a printer, if money has been collected on the execution for him.   Certainly it extends to Jailers and other officers, on whose account, fees and costs have been collected by the Sheriff.   There are other clauses in the law favoring this conclusion.

We are not prepared to say, then, that the printer is not entitled to rule the Sheriff for his advertising fees, where the same have been deducted out of the debtor's money by the Sheriff, and retained by him for the printer.

But we are at a loss to perceive how the rule could have been made absolute in this case—the Sheriff stating as he did in his return, that he neither knew the sum received or paid over by him.   He might have been ordered to answer over instantly, if, in the opinion of the Court, sufficient time had already been allowed him for that purpose, or else his return might have been traversed.   But nothing more.

But there is another difficulty in the way.   The party aggrieved by the misconduct of the Sheriff, must elect to bring his action, or to proceed by rule.   In this case, Mr. Hunt chose the former alternative.   Having made his option he must abide by it.   At any rate, he is not entitled to both remedies at one and the same time.

Judgment reversed.